UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

APR 1 6 2013

PER _____ M.B.P.
DEPUTY CLERK

LINWOOD BRANT,

Plaintiff

v.                                          : CIVIL NO. 3:CV-13-0212

D. VARANO, et al.,                          : (Judge Kosik)

Defendants

## MEMORANDUM

### I. Background

Linwood Brant ("Brant"), an inmate currently confined at the State Correctional Institution at Greene, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 29, 2013. Along with the complaint, he filed a motion seeking leave to proceed in forma pauperis in this matter. (Doc. 2.) He has filed the court's authorization form and an Administrative Order was issued in this action on January 29, 2013. (Doc. 5.) The claims set forth in the complaint concern incidents that occurred at the State Correctional Institution at Coal Township (SCI-Coal), Brant's former place of incarceration. Named as defendants are SCI-Coal officials and employees. On February 12, 2013, Brant filed a motion to amend the complaint and attached a proposed amended complaint. (Doc. 6.) He has also filed a

motion seeking the appointment of counsel in this action. (Doc. 10.) For the reasons that follow, the motion to proceed in forma pauperis will be construed as a motion to proceed without prepayment of the filing fee, and will be granted. The motion to amend the complaint will be granted, and the court will proceed on the Amended Complaint attached to Document 6 as the standing complaint in this action.[1] Service of the amended complaint will be directed upon the defendants named therein. In addition, Brant's motion for counsel will be denied without prejudice at this time.

I.  **Allegations in Complaint**

In the amended complaint, Brant first claims that he was deprived of his personal and legal property. He claims that the property was ultimately destroyed by Defendants. Among the property were legal documents relevant to a PCRA petition Brant had pending, and which was later denied on January 7, 2013, because of Defendants' actions. Brant further alleges that he was retaliated against for filing grievances about the destruction of his property, and that his complaints and grievances were either ignored or denied.

Brant also challenges a hearing he received on February 25, 2011, with respect to a charge he received for assault. He claims he was denied due process in that the hearing examiner was biased, there lacked evidence for the finding of guilt, and that

---

[1] Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), a party may amend its pleading once as a matter of course within 21 days after serving it. In the instant case, service of the original complaint had not yet been directed.

2

he was not given a witness and inmate version form. He claims that he was denied due process in retaliation for exercising his right to file grievances. He also appears to assert a claim of verbal abuse. As relief, he seeks monetary damages.

## II. Motion for Appointment of Counsel

In moving for the appointment of counsel, Brant argues that: (1) he is unable to afford counsel; (2) the issues involved in this case are complex; (3) as an RHU inmate he has limited access to the law library; (4) he is unable to see well due to cataracts; and (5) he has a very limited knowledge of the law. (Doc. 10.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure

3

of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. While Defendants have not yet responded to the complaint, for purposes of this motion the Court will assume that this case has arguable merit in law and the facts.

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Brant is obviously literate and clearly able to litigate this action on his own. While he states that his vision is not good, he clearly either has vision good enough to file his documents or is receiving assistance based upon his

submissions to date. Further, while Brant may not have the ability to visit the law library as often as he would like, it appears that he does have some access to the library. It cannot be said, at least at this point, that Brant will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of Brant to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. An appropriate order follows.