UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LINWOOD BRANT, :
:
    Plaintiff :
:
v. : CIVIL NO. 3:CV-13-212
:
D. VARANO, et al., : (Judge Kosik)
:
    Defendants :

**MEMORANDUM**

FILED
SCRANTON
MAR 26 2014
PER_____
DEPUTY CLERK

**I.    Background**

Plaintiff, Linwood Brant ("Plaintiff"), an inmate presently incarcerated at the State Correctional Institution at Greene, Pennsylvania, initiated the above civil rights action pursuant to 42 U.S.C. § 1983. The matter proceeds on an amended complaint and alleges incidents occurring at SCI-Coal Township, Plaintiff's former place of confinement. (Doc. 14.) On January 10, 2014, the court granted in part and denied in part a motion to dismiss filed by Defendants, sixteen (16) SCI-Coal Township employees. (Docs. 25, 26.) Remaining are six (6) Defendants and Plaintiff's claims of retaliation and the denial of access to the courts.[1] An answer was filed by Defendants

---

[1] The motion was granted to the extent that certain Defendants were dismissed on the basis of lack of personal involvement, and with respect to Plaintiff's claims of due process and verbal harassment.

on January 29, 2014. Thereafter, Defendants' motion for leave to depose Plaintiff was granted, and a scheduling order was imposed directing that all discovery be completed within sixty (60) days and any dispositive motions be filed within thirty (30) days thereafter. (Doc. 30.) Presently pending is Plaintiff's motion for counsel and motion to extend the time for completing discovery. (Docs. 31, 32.) .

## II. Motion for Counsel

Plaintiff moves for the appointment of counsel and in support thereof argues that (1) he cannot afford an attorney; (2) Defendants have moved to depose him and he will be at a disadvantage without an attorney present on his behalf; and (3) he has limited knowledge of the law. (Doc. 31.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v.

Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. Without passing judgment as to the ultimate merits of Plaintiff's remaining claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted by Plaintiff in this case so far are clearly written and cite to pertinent legal authority. Plaintiff has successfully filed an amended complaint and

has been partially successful in defending Defendants' motion to dismiss. He is engaging in discovery and appears to have served interrogatories and requests for the production of documents on Defendants. The legal issues remaining are not overly complicated. The docket clearly reveals that Plaintiff has the ability to litigate this action on his own. He does not argue, and it does not appear, that he has any difficulty preparing and filing documents in this action or that he is incapable of comprehending orders from the court. He is clearly literate and, while it is true that he is incarcerated, he clearly appears able to litigate this action on his own. Although Plaintiff would prefer to have counsel present at his deposition, there is no indication that Plaintiff is unable to respond to questions that Defendants will ask regarding the claims he raises. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

### III. Motion for Enlargement of the Discovery Deadline

Pursuant to this court's order of February 10, 2014, discovery in this case is set to close on April 11, 2014. (Doc. 30.) Plaintiff seeks to enlarge this time period

because Defendants have objected to some of his discovery requests and have failed to respond to other requests. He seeks time within which to resolve these matters and obtain the requested discovery. He states that he has written to defense counsel in an effort to work this out, but has not received any response.

It appears that Plaintiff does not wish to conduct additional discovery, but rather compel discovery that he has already sought from Defendants, but has not received. The proper method for doing so is to file a formal motion to compel discovery with the court pursuant to Federal Rule of Civil Procedure 37(a). Accordingly, Plaintiff's request to enlarge the discovery period will be denied, however he will be afforded twenty (20) days within which to file a motion to compel discovery and brief in support thereof outlining what discovery he objects to or which claims have not been responded to by Defendants. The previously imposed period for the filing of dispositive motions will be stayed, and a new deadline imposed, following resolution of Plaintiff's motion to compel discovery. An appropriate order follows.