UNITED STATES DISTRICT COURT **FILED**
FOR THE **SCRANTON**
MIDDLE DISTRICT OF PENNSYLVANIA JAN 2 2 2015

Per_____ DEPUTY CLERK

LINWOOD BRANT,                        :
                                      :
        Plaintiff                     :
                                      :
    v.                                : CIVIL NO. 3:CV-13-212
                                      :
D. VARANO, et al.,                    : (Judge Kosik)
                                      :
        Defendants                    :


## MEMORANDUM

The above civil rights action, pursuant to 42 U.S.C. § 1983, was filed by

Linwood Brant and proceeds on an amended complaint.  (Doc. 14.)  On January 10,

2014, a motion to dismiss filed by Defendants was granted in part and denied in part.

The following individuals employed at SCI-Coal Township at the time remain as

defendants in this action: Warden Varano, Lieutenant Williams, and Correctional

Officers Knarr, Metzinger, DeRemer and Kimbrel.  The remaining claims in the

amended complaint are retaliation and the denial of access to the courts.[1]  (Docs. 25,

26.)  Presently before the court for consideration are Plaintiff's motions to compel

discovery (Doc. 35) and to reopen discovery (Doc. 38).

---

[1] The motion to dismiss was granted to the extent that certain Defendants were
dismissed on the basis of lack of personal involvement.  In addition, Plaintiff's claims
of due process and verbal harassment were dismissed.

## I.    Background

Plaintiff alleges that Defendants confiscated and destroyed his legal property, which ultimately resulted in the denial of a PCRA petition, which he had pending, challenging his criminal conviction/sentence.  He further claims that Defendants retaliated against him by confiscating and trashing his property due to his filing of grievances against them.  An answer to these remaining claims was filed by Defendants on January 29, 2014.  (Doc. 27.)  Thereafter, Defendants' motion for leave to depose Plaintiff was granted, and a scheduling order was imposed directing that all discovery be completed within sixty (60) days and any dispositive motions be filed within thirty (30) days thereafter.  (Doc. 30.)

On March 26, 2014, Plaintiff's motions for the appointment of counsel and to extend the discovery deadline in this action were denied.  (Docs. 33, 34.)  In the motion to extend, Plaintiff sought additional time in the discovery period to challenge objections Defendants raised to his discovery requests, as well as their failure to respond to other requests.  While the court did not enlarge the discovery period, Plaintiff was afforded twenty (20) days within which to file a formal motion to compel discovery.  In addition, the previously imposed dispositive motion deadline was stayed pending the resolution of any motion to compel submitted by Plaintiff.  (Docs. 33, 34.) Presently pending are motions filed by Plaintiff to compel discovery (Doc. 35) and to reopen discovery (Doc. 38.)

2

## II.    Motion to compel discovery

Plaintiff has filed a motion to compel wherein he asserts that: (1) some of Defendants' responses to discovery were not timely and, as such, any objections contained therein should be waived; (2) objections raised by Defendants to his discovery requests are without merit; and (3) certain documents Defendants agreed to produce have not been provided to him. (Doc. 37.)

It is well settled that Fed. R. Civ. P. 26 establishes a fairly liberal discovery policy. The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. See Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." Id. Discovery may be properly limited where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

See Fed. R. Civ. P. 26(b)(2)(C). The court will now address each of Plaintiff's

arguments.

A.    Timeliness

Pursuant to Fed. R. Civ. P. 33(b)(2), answers to interrogatories are due within 30 days of service.  The same time requirement applies to answers to requests for the production of documents.  See Fed. R. Civ. P. 34(b)(2).  Three days are properly added to this deadline pursuant to Fed. R. Civ. P 6(d).

Defendants maintain that all responses to discovery requests, with the exception of three, were timely provided to Plaintiff.  With respect to Interrogatories, only Defendant DeRemer's answers were tardy, and even then, were only served one day late, on March 24, 2014.  With respect to responses to Plaintiff's Requests for Admissions, Defendants admit that the responses of Kimbrel and Williams were filed beyond the due date of March 31, 2014.  However, the responses were only delayed by one day, and mailed to Plaintiff on April 1, 2014.

Plaintiff does not submit a reply brief disputing the representations made by Defendants that the majority of the discovery responses were timely, and the three that were not were only delayed by a day.  In addition, there is no evidence of bad faith on the part of Defendants in submitting their responses late, or prejudice to Plaintiff due to the brief delay.  For these reasons, any request by Plaintiff to waive objections made by Defendants in the late responses will be denied.

B.     Documents provided by Defendants

Plaintiff also contends that documents Defendants agreed to produce to him in response to his discovery requests were incomplete. Specifically, he claims the following items were missing: (1) copies of his final appeals to Chief Counsel with respect to Grievances 358862, 376985, 363771, 373358, 369485, 374545 and 380969; (2) Plaintiff's 17x card/form from 2/25/11 until 8/10/11; and (3) property sheets covering the period from 3/6/07 through 8/11/11.

Defendants maintain that they provided copies of the responsive documents to the Superintendent's Assistant at SCI-Greene on March 19, 2014. Although Plaintiff reviewed the documents on March 28, 2014, he contends some of them were missing.

Defendants agree to produce any of the documents they provided for his review that Plaintiff claims were missing, if he supplies defense counsel with a sufficient description. In fact, it is possible Plaintiff may have already done this by now. If not, he should inform counsel of the missing documents within ten (10) days. Defendants shall then provide the copies to him within fifteen (15) days thereafter.

C.     Defendants' objections to discovery requests

Defendants have objected to certain discovery requests served upon them by Plaintiff as irrelevant, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff seeks to compel responses to these requests.

5

Defendant Varano

In Interrogatory 7, Plaintiff seeks the production of any and all documents relating to DC-135A complaints filed by Plaintiff from 2/25/11 until 8/10/11.  While Defendant objects to this request for the reasons previously mentioned, he does permit Plaintiff to review copies of all relevant request slips relating to the alleged loss of personal property in February and March of 2011.  Plaintiff's request, as stated, is clearly overbroad and mostly irrelevant.  Varano's response is sufficient.

In Interrogatory 12, Plaintiff asks how may inmates at SCI-Coal Township have ever written a grievance against Varano for retaliation.  Unverified allegations filed by inmates have little, if any, relevance to Plaintiff's claims against Varano.  As such, the motion to compel will be denied with respect to this request.

In Interrogatory 13, Plaintiff asks whether Varano has ever been disciplined, reprimanded and/or fired as the warden of SCI-Coal Township.  Defendant objects to the question as irrelevant and overbroad, but responds that he was never disciplined in connection with Plaintiff's loss of his personal property in February and March of 2011.  The court finds that Defendant should also inform Plaintiff as to whether he has ever been disciplined, reprimanded or fired while warden of SCI-Coal Township in connection with the loss of an inmate's property or for retaliating against an inmate covering the time period up until March of 2011.

In Interrogatory 16, Plaintiff inquires as to whether Varano has ever been

investigated for violating DOC policy and if so, why he was investigated. The objection to this question as overbroad and irrelevant is well-taken. Moreover, any relevant information that could possibly be gleaned therefrom is covered in the court's response above to Interrogatory 13. The same holds true with respect to Interrogatory 19.

In Requests for Admission 17 and 18, Plaintiff seeks an admission that inmates have filed grievances against Varano for retaliation and for not responding to their DC-135A Request to Staffs filed with him while he was employed at SCI-Coal Township. Defendant objects on the basis that the requests are irrelevant, overbroad and not likely to lead to admissible evidence. The court agrees that the requests are overbroad and that the mere filing of a complaint against Defendant would be irrelevant.

### Williams, Metzinger and Knarr

The questions objected to by Defendants Williams, Metzinger and Knarr are basically the same questions directed to Defendant Varano, and addressed by the court above. For these reasons, the court finds that said Defendants will be required only to provide Plaintiff with any information as to whether they have ever been disciplined, reprimanded or fired from their employment at SCI-Coal Township in response to an inmate's grievance that they were involved in the loss of the inmate's property or for retaliating against an inmate. The time period should cover their employment with

7

SCI-Coal Township up through March of 2011.[2]

## III. Motion to Reopen Discovery

Plaintiff has also filed a motion seeking to reopen discovery for the limited purpose of obtaining the work schedules of Defendants DeRemer and Williams for the month of February 2011. In support of this request, he states that he submitted a request for admissions to Defendant DeRemer on February 25, 2014, and did not receive his responses thereto until April 10, 2014, due to a postage issue. In one of the responses, DeRemer denied being at work at SCI-Coal Township on February 26, 2011. (Doc. 38-1 at 5.) According to the amended complaint, this is the date that DeRemer was allegedly notified by inmates of the actions of Defendants Knarr and Kimbrel with respect to Plaintiff's legal property. In his motion, Plaintiff claims he has inmate witnesses that "know for a fact" that DeRemer was working "either on 2/25/11, 2/26/11 or 2/27/11." (Doc. 38-1 at 1.) Based on the foregoing, Plaintiff states he served Defendants DeRemer and Williams with Requests for the Production of Documents seeking their work schedule for the month of February 2011.

The court will not direct the production of these documents for the following reasons. First, in his request for admission to DeRemer, he only asked Defendant to

---

[2] Plaintiff does direct one additional question to Defendant Knarr in Request for Admission 21 with respect to whether he has been under investigation for retaliating against "Eric Hill-or-Hall". (Doc. 37, Ex. 7, n. 21.) Defendant will not be required to answer this request in that any relevant information would be addressed by Knarr as directed above.

admit or deny that he was working on February 26, 2011.  Defendant responded to the request with a denial.  Plaintiff did not ask whether Defendant was working on February 27 or 28, 2011.  Moreover, Plaintiff states that he has inmate witnesses who can testify to the fact that DeRemer was working on the date in question, February 26, 2011.  For these reasons, his request to reopen the discovery period for this purpose will be denied.  A dispositive motions deadline will be imposed directing the filing of motions within sixty (60) days from the date of this order.  An appropriate order follows.