UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

LINWOOD BRANT,

        Plaintiff,

        v.

D. VARANO, et al.,

        Defendants.

_____

CIVIL ACTION NO. 3:13-CV-212

(Judge Kosik)

**MEMORANDUM**

Before the Court are Defendants' Objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Martin C. Carlson. For the reasons which follow, the Court will adopt, in part, the R&R and will grant Defendants' Motion for Summary Judgment.

**I. BACKGROUND**

On January 29, 2013, Plaintiff, Linwood Brant, an inmate presently incarcerated at the State Correctional Institution ("SCI") in Houtzdale, Pennsylvania, filed the instant civil rights action, pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff filed an Amended Complaint (Doc. 14), on April 16, 2013.

By order dated January 10, 2014, this Court granted in part and denied in part, Defendants' motion to dismiss. As a result of the motion to dismiss, the remaining claims include an access to courts claim and a retaliation claim. The remaining Defendants are former Superintendent Varano, former Lieutenant Williams, Correctional Officer ("CO") Knarr, former CO Metzinger, CO DeRemer, and CO Kimbrel.

The allegations of Plaintiff's retaliation claim arise out of the alleged destruction of Plaintiff's legal property related to his PCRA hearing, while housed at SCI-Coal Township. On February 25, 2011, Plaintiff was placed in the Restricted Housing Unit ("RHU") for assault. As a result, Plaintiff's personal property was taken for inventory, and upon review of the inventory, Plaintiff said that legal property related to his PCRA action was missing.

Plaintiff alleges that Defendants Williams, Knarr, Metzinger, DeRemer, and Kimbrel, participated in destroying his legal materials. Plaintiff alleges that other inmates witnessed Defendant Knarr seize and discard Plaintiff's legal materials. When the other inmates retrieved those discarded documents, Plaintiff alleges that the other inmates attempted to give them to Defendant DeRemer on February 26-28, 2011, but DeRemer refused to take the records. Prison records reflect that DeRemer was not on duty at the time of these events. Plaintiff alleges that Defendants Knarr, DeRemer, Metzinger, and Williams admitted to other inmates that they had retaliated against the Plaintiff. Plaintiff also alleges that he complained of the destruction of his legal materials to Defendant Varano, after the fact, but Varano failed to act upon the complaints.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to

relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

### III. DISCUSSION

When objections are filed to an R&R of a Magistrate Judge, we must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); see also Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.31. Although our review is *de novo*, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984). For the portions not objected to, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

In the R&R, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted in part and denied in part. The Magistrate Judge recommended that Plaintiff's access-to-courts claim be dismissed, that Defendants Kimbrel and Varano be dismissed from the retaliation claim, and that the motion be denied in all other respects.

Defendants object to the Magistrate Judge's finding that Defendants Knarr, Williams, and DeRemer are not entitled to summary judgment as to Plaintiff's retaliation claim. Defendants argue that all of the remaining Defendants should be granted summary judgment, because they did not retaliate against the Plaintiff by discarding his legal property, and because Plaintiff failed to show that the Defendants' alleged actions were substantially motivated by a

protected activity.

In the seminal Third Circuit case, Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001), the Third Circuit Court of Appeals set forth three requirements a prisoner-plaintiff must establish to state a *prima facie* claim of retaliation: (1) "the conduct which led to the alleged retaliation was constitutionally protected[;]" (2) "he suffered some 'adverse action' at the hands of the prison officials[;]" and (3) "his exercise of a constitutional right was a substantial or motivating factor in the challenged decision." Rauser, 241 F.3d 330 at 333-34 (citing Thaddeus-X v. Blatter, 175 F.3d 378, 386, 399 (6th Cir. 1999) (*en banc*); Allah, 229 F.3d at 225).

We agree with Defendants that Plaintiff has not met the first and third requirements under Rauser v. Horn. Plaintiff has not established that he was engaged in conduct that was constitutionally protected, which led to the alleged retaliation. Plaintiff states in his deposition that he does not recall filing grievances against any of the Defendants before his legal materials went missing. We find that Plaintiff has not come forward with affirmative evidence that he was engaged in a constitutionally protected activity or that the alleged actions were substantially motivated by a protected activity. Therefore, Defendants are entitled to a judgment as a matter of law, and we dismiss Plaintiff's retaliation claims against all of the Defendants.

## IV. CONCLUSION

For the reasons set forth above, the Court will adopt in part and deny in part, the Magistrate Judge's recommendation. The Court has given reasoned consideration to the portions of the report to which there are no objections, and we agree with the Magistrate Judge's recommendations. The Court will grant Defendants' Motion for Summary Judgment. An appropriate order is attached.